STATE OF VERMONT

ENVIRONMENTAL COURT

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | } |                          |
| In re: Kelsey Construction Permit | } | Docket No. 32-2-06 Vtec |
| (Appeal of Bourassa and Bleau) | } |                          |
|                              | } |                          |

Decision and Order on Appellee-Applicants' Motion for Summary Judgment

Appellants Michael and Mary Bourassa and Michael and Marie Bleau appealed from a decision of the Development Review Board (DRB) of the Town of Grand Isle, upholding the Zoning Administrative officer's issuance of a permit to Appellee-Applicants Kevin and Christine Kelsey (the project applicants) and Barbara and Philip Wagner (the landowners) to construct a single-family dwelling. Appellants appeared and represent themselves; Appellee-Applicants are represented by Robert F. O'Neill, Esq. and Heather Rider Hammond, Esq.; and the Town is represented by Will S. Baker, Esq. In addition, an interested party: Mr. Brian McNeil, entered his appearance.

Appellee-Applicants moved for summary judgment; Appellants were sent the Court's standard informational sheet for unrepresented parties regarding responding to motions for summary judgment. The time for responses to that motion expired as of late August, but no responses have been filed. Exhibit D to the Motion for Summary Judgment was missing its even-numbered pages; Appellee-Applicants provided the missing pages by fax upon request by the Court's staff on September 27, 2006. The complete document is enclosed with the parties' copies of this Decision and Order, so that all parties' records are complete.

Appellants' revised statement of questions raised the following three issues: whether the DRB failed to properly apply §5.2.2(3) of the Zoning Bylaws regarding "adequacy of

1

landscaping, screening and setbacks in regard to achieving maximum compatibility and protection of adjacent property;" whether the applicants properly posted the zoning sign in accordance with §2.9.1 of the Zoning Bylaws; and whether the DRB failed to properly act on the issuance of [wetlands] Conditional Use Determination #2005-257 by the Agency of Natural Resources, under §4.16 of the Zoning Bylaws. As these appeals are presented to the Court <u>de novo</u>, we address the questions to determine whether the project proposal meets the contested criteria.

The following facts are undisputed unless otherwise noted. Appellee-Applicants applied for a zoning permit to construct a single-family house on a parcel of land known as Lot 3 Dodge Terrace. A portion of a Class II wetland is located on the property. The application was approved on October 18, 2005 (a Tuesday), by the Zoning Administrative Officer, who sent Appellee-Applicants Kelsey the zoning notice and instructions on posting it. Following those instructions, the Kelseys posted the notice within view of Dodge Terrace, but it was blown down by inclement weather at some time thereafter.

Appellee-Applicants Wagner also applied to the Vermont Agency of Natural Resources on December 1, 2005 for a Conditional Use Determination under the Vermont Wetland Rules to allow the house to be constructed in part within the 50-foot buffer zone for the Class II Wetland. The application was publicly posted through December 23, 2005, and notice was sent to all parties as required by §8.3 of the Vermont Wetland Rules. The introduction to the Conditional Use Determination states that no comments were received during the public comment period. A comment letter was received by the ANR from Ms. Bourassa on December 23, 2005, requesting that the application be denied but not providing information as to why the proposed project would have any undue adverse impact on the functions and values of the wetland. The Agency issued the Conditional Use Determination with conditions on January 6, 2006. No party appealed from that decision.

2

Question 1

Section 5.2.2 of the Zoning Bylaws establishes the criteria applicable to reviewing a project for site plan approval. Site plan approval is required only for approval of structures or uses <u>other</u> than single family dwellings. §5.2.1 of the Zoning Bylaws. That is, this section is not applicable to approval of a single family dwelling. Appellee-Applicants' Motion for Summary Judgment therefore must be granted on Question 1 of the Statement of Questions.

Question 3

Section 4.16 of the Zoning Bylaws requires all wetlands of two acres or more within the town to be treated in the same manner as state-classified Class Two Wetlands even if the wetland has not or has not yet been surveyed under the Vermont Wetland Rules. The ANR granted its Conditional Use Determination on the basis that the wetland on Appellee-Applicants' property was a Class Two wetland. The project therefore appears to have complied with §4.16; no party has pointed out to the Court, and the Court has not found, any other provision in the Zoning Bylaws applicable to this project that would require any additional consideration of the wetland on the property. Appellee-Applicants' Motion for Summary Judgment therefore must be granted on Question 3 of the Statement of Questions.

Question 2

The final sentence of §2.9.1 of the Zoning Bylaws requires the Zoning Administrative Officer to issue to the applicant a "zoning sign" to be posted on the applicant's property within view of the nearest public right-of-way, signifying that a permit has been issued and that the fifteen-day period for appeal to the DRB has begun. The fact that the sign blew down at some time after it was posted could be used by a potential appellant who sought

3

to file an appeal with the DRB after the expiration of the fifteen-day appeal period, to explain why the late appeal should nevertheless be accepted for filing. In the present case there is no suggestion that any party was deprived of the ability to take the appeal to the DRB. In fact, Appellants did appeal to the DRB on October 21, 2005 (a Friday), three days after the issuance of the zoning permit and therefore two or three days after the posting of the sign. Appellants experienced no detriment or prejudice to their rights if the sign blew down, whether that occurred before or after their filing of their appeal to the DRB. Appellee-Applicants' Motion for Summary Judgment therefore must be granted on Question 2 of the Statement of Questions.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion for Summary Judgment is GRANTED, denying Appellants' appeal of the construction permit. The permit remains in effect as granted by the Zoning Administrative Officer and upheld by the DRB.

Done at Berlin, Vermont, this 27th day of September, 2006.

_____
Merideth Wright
Environmental Judge